# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |  |
|---|---|---|
| ALLEN KING WIGGINS, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:22CV947 |
| MARCELLA (MARCY) TRAGESER, et al., | ) | |
| Defendant(s). | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court *sua sponte*. In or about November 2022, Plaintiff filed the instant action along with an application to proceed *in forma pauperis*. (Docket Entries 1, 2.) The Court conditionally granted Plaintiff *in forma pauperis* status and ordered him to submit an initial filing fee of $30.00, or a motion for relief from the stay, along with a statement made under penalty of perjury that he has not had access to any funds for the initial payment. (*See* Docket Entry 3.) After Plaintiff failed to comply with that order, the Court entered another order giving Plaintiff additional time to submit the initial filing fee or a motion for relief from the stay. (*See* Text Order dated 1/23/2023.) Plaintiff was warned that failure to comply with the orders would result in dismissal of this action without further notice. (*See id.*; Docket Entry 3.)

To date, Plaintiff has failed to comply with the previous Court orders in that he has not submitted to the Court the initial filing fee payment of $30.00, nor has Plaintiff submitted a motion for relief from the stay, along with a statement made under penalty of perjury that

he has not had access to any funds for the initial payment. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). This rule also provides for dismissal "[i]f the plaintiff fails to prosecute," Fed. R. Civ. P. 41(b). "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). In this case, Plaintiff disobeyed the Court's previous orders and has otherwise failed to prosecute this case in any way since filing the initial Complaint. Thus, the circumstances warrant dismissal *sua sponte*.

In making this recommendation, the undersigned acknowledges that "dismissal is not a sanction to be invoked lightly." *Ballard,* 882 F.2d at 95. In such instances, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Id.; accord Hillig v. C.I.R.,* 916 F.2d 171, 174 (4th Cir. 1990). Here, Plaintiff bears sole responsibility for his non-compliance and failure to prosecute, and continual delay of this action will potentially prejudice Defendants. Also, while the record may not reflect a long pattern of dilatory conduct

by Plaintiff, there are no other sanctions that appear appropriate in this matter given the considerable passage of time with no response from Plaintiff. As a result, the undersigned will recommend that this case be dismissed without prejudice pursuant to Rule 41(b).

Accordingly, for the reasons stated herein, **IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

This, the 17th day of February, 2023.

                                                /s/ Joe L. Webster
                                            United States Magistrate Judge